O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GRACE LUNDEEN, | ) | CASE NO. CV 05-07545 (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff seeks review of the Social Security Commissioner's decision denying Plaintiff's claim for Title II disability benefits. This Court remanded the case originally for the taking of vocational testimony [AR 724-30], and subsequently two Administrative Law Judges determined that Plaintiff was not disabled. [AR 692, 661] The last one concluded, as had the Administrative Law Judge in the original decision, that Plaintiff could not perform her past relevant work as an emergency room nurse. This time, the Administrative Law Judge had the benefit of vocational testimony, and re-affirmed the original conclusion that there were jobs in the economy which Plaintiff could perform. [AR 665]

In attacking the decision this time, Plaintiff does not challenge the vocational testimony which augmented the previous record; the absence of such testimony had formed the basis for the Court's remand. Rather, Plaintiff has taken the questionable tack of going

back to the start, and challenging other aspects of the proceedings. Nevertheless, the Court has considered each of these arguments, but does not find them persuasive.

Plaintiff first contends that the Administrative Law Judge erred in not considering certain medical evidence. She points to an assessment made by a doctor who treated her nearly two years after the date she was last insured. An opinion after the date last insured can have some relevance, *see Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), but it is not determinative. Here, the Administrative Law Judge who decided the case did give a variety of other reasons as well for not relying on the opinion of the later-treating doctor. The Administrative Law Judge noted the relatively infrequent treatment, the fact that assessments made during the period at issue did not indicate a disability, and the general paucity of records to support an inability to work as severe as Plaintiff claimed. [AR 695-96][1] In this, the Administrative Law Judge relied on the testimony of a medical expert, who reviewed and summarized the records, as well as the assessment of other doctors in the record. [AR 695]

Plaintiff takes issue with the testimony of the medical expert, and that of other doctors in the record, and it is true that the data could be interpreted to support Plaintiff's position. But, if, as here, the data also legitimately can be interpreted to support the conclusion of the Administrative Law Judge, then the Court is bound to accept his interpretation. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The Court notes that the Administrative Law Judge ultimately formulated a residual functional capacity assessment which took into account Plaintiff's restrictions.

Plaintiff also asserts that the Administrative Law Judge failed to provide clear and convincing reasons for rejecting her testimony as to her subjective symptoms.

---

[1]      The last decision of the Administrative Law incorporated the previous decision, which had been vacated because the tape of the proceedings was inaudible. [AR 662-63]

However, Plaintiff does not identify the testimony or symptoms which the Administrative Law Judge allegedly wrongfully rejected. The Court infers that Plaintiff complains that the Administrative Law Judge did not take her agoraphobia seriously. If this is Plaintiff's argument, it does not fit neatly into the case law which speaks of crediting subjective symptoms where there is objective evidence of an underlying impairment that reasonably could be expected to produce some degree of subjective symptoms. Those cases arise mainly in the context of assessing fatigue and pain, notoriously idiosyncratic phenomena. *See, e.g., Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Agoraphobia, however, is itself a component of a disorder. AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV) (4th ed. 1994) at 396-405 (discussing Panic Disorder With Agoraphobia and Agoraphobia Without History of Panic Disorder.) But Plaintiff does not argue that the Administrative Law Judge wrongly identified her impairment, and should have determined that she was afflicted with agoraphobia during the period of coverage. *See* Plaintiff's Memorandum In Support of Complaint 11:16-18 ("Since the ALJ found that Grace Lundeen suffered from the severe impairment of an anxiety disorder, a depressive disorder not otherwise specified, and a mixed personality disorder, Grace Lundeen satisfied her burden of providing evidence of an underlying impairment that could reasonably be expected to produce *some* degree of her symptoms. [citation omitted]") Nor does Plaintiff point to a formal diagnosis including agoraphobia during the period of coverage, a fact noted by one of the Administrative Law Judges following remand. [AR 697-98] The Administrative Law Judge also noted that Plaintiff's anxiety and claims of panic always were related to other factors, and that Plaintiff, as someone with learning in the medical profession, could reasonably be expected to seek treatment for such a condition, if she had experienced it. [*Id.*] Thus, assuming that this is what Plaintiff means when she accuses the Administrative Law Judge of error, the argument does not justify reversal, for the Administrative Law Judge did, in fact, identify clear and convincing reasons for discrediting Plaintiff.

Plaintiff also complains about the Administrative Law Judge's discrediting of her husband's testimony, and his failure to discuss a questionnaire prepared by her son. The Administrative Law Judge did refer to Plaintiff's husband's interest in the outcome of the claim [AR 663], but that was not the only basis for determining that his testimony did not change the outcome.  He also noted that the medical records did not contain references to her fear of leaving the house at the time the records were created, and that the husband's testimony did not rebut the conclusions of the first Administrative Law Judge after remand. [*Id*.]  That judge, in turn, had noted, in finding that the husband's testimony was not necessary, that Plaintiff drove by herself to one of her medical appointments, and took a 5,000 mile road trip, during the period at issue.  [AR 698]

It is true that the Administrative Law Judge did not discuss the son's questionnaire responses, but an Administrative Law Judge is not required to address every piece of evidence.  *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).  Not only did those responses not add anything to the record, they were made after Plaintiff's period of coverage ended, and the responses contain no references back to the period of coverage. [AR 142-47]  The Court discerns no error here.

In accordance with the foregoing, the Commissioner's decision is affirmed.


DATED:  March 13, 2007


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE